T.C. Memo. 2009-278

UNITED STATES TAX COURT

ESTATE OF EDSEL F. STIEL, DECEASED, LAURIE STIEL, SPECIAL
ADMINISTRATOR AND LAURIE STIEL, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14116-08.              Filed December 1, 2009.

R determined a deficiency and a penalty pursuant
to sec. 6662(a), I.R.C., for Ps' 2005 tax year.  Ps
conceded that they are liable for the deficiency.

Held:  Ps are liable for the sec. 6662(a), I.R.C.,
penalty for 2005.

Laurie Stiel, pro se.

Jeffrey W. Belcher, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  This case is before the Court on a petition for redetermination of a deficiency.  Petitioners concede that they are liable for a $5,296 Federal income tax deficiency for the 2005 tax year.  The issue remaining for decision is whether petitioners are liable for a $1,059.20 accuracy-related penalty under section 6662(a)[1] for that year.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are incorporated herein by this reference.  Laurie Stiel resided in California when she filed the petition.

Petitioners filed their 2005 Form 1040, U.S. Individual Income Tax Return, electronically on April 15, 2006.  Jon Nichols, their tax preparer since 1968, prepared the return for them.  Edsel F. Stiel met with Mr. Nichols with respect to petitioners' 2005 Federal income tax return and gave him financial documents, including a 2005 Form SSA-1099, Social Security Benefit Statement, indicating that they had received $21,445 of Social Security benefits in 2005.  Petitioners did not, however, provide Mr. Nichols a 2005 Form 1099-DIV, Dividends

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax year in issue.

and Distributions, indicating that they had received $216 of dividend income, or a 2005 Form 1099-INT, Interest Income, indicating that they had received $24 of interest income.

Mr. Nichols failed to consider or include the three taxable income items described above when he prepared petitioners' 2005 Form 1040. Although Mr. Nichols gave petitioners a summary of the items that would be included on their return, they were not provided a copy of the return until it was accepted by the Internal Revenue Service (IRS). Petitioners were aware that they had received taxable Social Security benefits in their 2002, 2003, and 2004 tax years. However, petitioners did not detect any errors in the summary of income items considered by Mr. Nichols in preparing their 2005 Federal income tax return or with respect to the return itself either before or after it was filed.

Respondent issued the aforementioned notice of deficiency on March 27, 2008, and petitioners timely petitioned this Court on June 9, 2008. A trial was held on June 22, 2009, in Los Angeles, California.

### OPINION

Under section 7491(c), respondent bears the burden of production with respect to petitioners' liability for the section 6662(a) accuracy-related penalty. This means that respondent "must come forward with sufficient evidence indicating that it is

appropriate to impose the relevant penalty." Higbee v.
Commissioner, 116 T.C. 438, 446 (2001).

Subsection (a) of section 6662 imposes an accuracy-related
penalty of 20 percent of any underpayment that is attributable to
causes specified in subsection (b). Among the causes justifying
the imposition of the penalty is any substantial understatement
of income tax as defined in section 6662(d).[2] The section
6662(a) penalty is not imposed if a taxpayer can demonstrate (1)
reasonable cause for the underpayment and (2) that the taxpayer
acted in good faith with respect to the underpayment. Sec.
6664(c)(1). Regulations promulgated under section 6664(c)
further provide that the determination of reasonable cause and
good faith "is made on a case-by-case basis, taking into account
all pertinent facts and circumstances." Sec. 1.6664-4(b)(1),
Income Tax Regs.

Reliance on the advice of a tax professional may, but does
not necessarily, establish reasonable cause and good faith for
the purpose of avoiding a section 6662(a) penalty. See United

---

[2]There is a "substantial understatement" of income tax for
any taxable year where the amount of the understatement exceeds
the greater of (1) 10 percent of the tax required to be shown on
the return for the taxable year, or (2) $5,000.
Sec. 6662(d)(1)(A). However, the amount of the understatement is
reduced to the extent attributable to an item (1) for which there
is or was substantial authority for the taxpayer's treatment
thereof, or (2) with respect to which the relevant facts were
adequately disclosed on the taxpayer's return or an attached
statement and there is a reasonable basis for the taxpayer's
treatment of the item. See sec. 6662(d)(2)(B).

States v. Boyle, 469 U.S. 241, 251 (1985) ("Reliance by a lay person on a lawyer is of course common; but that reliance cannot function as a substitute for compliance with an unambiguous statute."). Such reliance does not serve as an "absolute defense"; it is merely a "factor to be considered." Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

The caselaw sets forth the following three requirements in order for a taxpayer to use reliance on a tax professional to avoid liability for a section 6662(a) penalty: "(1) The adviser was a competent professional who had sufficient expertise to justify reliance, (2) the taxpayer provided necessary and accurate information to the adviser, and (3) the taxpayer actually relied in good faith on the adviser's judgment." See Neonatology Associates, P.A. v. Commissioner, 115 T.C. 43, 99 (2000), affd. 299 F.3d 221 (3d Cir. 2002).

A fortiori, unconditional reliance on a preparer or adviser does not always, by itself, constitute reasonable reliance; the taxpayer must also exercise "Diligence and prudence". Marine v. Commissioner, 92 T.C. 958, 992-993 (1989), affd. without published opinion 921 F.2d 280 (9th Cir. 1991). "The general rule is that the duty of filing accurate returns cannot be avoided by placing responsibility on an agent." Pritchett v. Commissioner, 63 T.C. 149, 174 (1974). Taxpayers have a duty to

read their returns to ensure that all income items are included. Reliance on a preparer with complete information regarding a taxpayer's business activities does not constitute reasonable cause if the taxpayer's cursory review of the return would have revealed errors. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662-663 (1987). "Even if all data is furnished to the preparer, the taxpayer still has a duty to read the return and make sure all income items are included." Magill v. Commissioner, 70 T.C. 465, 479-480 (1978), affd. 651 F.2d 1233 (6th Cir. 1981).

Petitioners concede that the understatement of tax on their 2005 Federal income tax return is a substantial understatement of income tax as defined in section 6662(d). They argue that they are not liable for the section 6662(a) penalty, however, because they relied on Mr. Nichols to accurately prepare their return.

We conclude that petitioners did not rely in good faith on Mr. Nichols' advice because they did not examine their return before it was submitted to the IRS. See Neonatology Associates, P.A. v. Commissioner, supra at 99 (third prong). As a result they failed to ensure that all of their income items, particularly their taxable Social Security benefits, were included on the return. See Metra Chem Corp. v. Commissioner, supra at 662-663; Magill v. Commissioner, supra at 479-480. Thus, petitioners' unconditional reliance on Mr. Nichols does

not, on these facts, constitute reasonable reliance and does not excuse their failure to closely examine their return.

Petitioners' reliance defense is also undercut by the fact that petitioners did not provide Mr. Nichols with necessary Form 1099 documentation regarding their dividend and interest income in 2005.[3] See Neonatology Associates, P.A. v. Commissioner, supra at 99 (second prong). Given our conclusion, we need not, and do not, decide whether petitioners satisfied the first prong of the Neonatology test.

Petitioners have not demonstrated good faith and reasonable cause for their underpayments for 2005. Accordingly, the Court sustains respondent's determination that petitioners are liable for the section 6662(a) accuracy-related penalty for substantial understatements of income tax for the 2005 tax year.

The Court has considered all of petitioners' contentions, arguments, requests, and statements. To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

---

[3]The Court notes that at least in the opinion of the Treasury Secretary "Negligence is strongly indicated where--(i) A taxpayer fails to include on an income tax return an amount of income shown on an information return" such as a Form 1099-DIV or a Form 1099-INT. Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence alone may trigger a sec. 6662 penalty. Sec. 6662(b)(1), (c).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.
